On June 29, 1979 the court entered the following order:
Before Friedman, Chief Judge, Nichols and Smith, Judges.
Plaintiff, pro se, former landlord of a company in bankruptcy, received $2,261.67 on a $5,098.51 claim for rent due in Bankruptcy Court and now sues for the balance *731 in this court. It says the bankruptcy judge took its real property for public use by continuing the debtor in possession. Defendant moves to dismiss plaintiffs suit on the ground it fails to state a claim within the jurisdiction of this court. We agree with defendant. Therefore, after consideration of the parties’ submissions, and other papers, but without oral argument, we grant defendant’s motion and dismiss the petition.
Plaintiff was landlord for Apollo Home Care Products, Inc. ("Apollo”) during all times material to this suit. Apollo filed under Chapter XI of the Bankruptcy Act and in May 1974 the Bankruptcy Court, United States District Court, Northern District of California, entered its order continuing the debtor in possession, pursuant to which Apollo remained in possession of plaintiffs premises through February 1975. Plaintiffs claim for rent for that period totaled $5,098.51. Of this, plaintiff received $2,261.67 as a dividend from the Trustee in Bankruptcy. The balance remains unpaid and plaintiff seeks reimbursement in this court.
Plaintiff has failed to state a claim within the jurisdiction of this court. See Tree Farm Development Corp. v. United States, 218 Ct. Cl. 308, 585 F.2d 493 (1978). Plaintiff fails to cite any case, and we believe none could be cited, holding it a taking by the United States under the fifth amendment for a bankruptcy judge to continue a debtor in possession. The power to enact bankruptcy laws is distinct in the Constitution from the power to take. We are not given jurisidction to review the decisions of other courts in the Federal system. Carney v. United States, 199 Ct. Cl. 160, 462 F.2d 1142 (1972). Plaintiffs avenue of relief, if not otherwise barred, is or was to appeal the decision.
Accordingly, it is therefore ordered that defendant’s motion to dismiss is granted and plaintiffs petition is dismissed.