Peter A. HOLMES

v.

**The UNITED STATES.**

**No. 331–83C.**

United States Claims Court.

Oct. 7, 1983.

---

Carlton F. Bennett, Virginia Beach, Virginia, for plaintiff.

Beacham O. Brooker, Jr., with whom was Asst. Atty. Gen. J. Paul McGrath, for defendant; David M. Cohen, Director, Donnie Hoover, Asst. Director and Martha A. Klein, of counsel.

## OPINION ON DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

PHILIP R. MILLER, Judge:

The complaint alleges that on July 25, 1980, plaintiff was selected by the Navy Department at Norfolk, Virginia, for the position of Program Analyst, GS–12. Pursuant to such selection, on August 1, 1980, plaintiff reported for work as directed by the Navy in such position and at the pay grade of step 10, GS–12, at an annual salary in excess of $36,000 and continued to work in such position through August 30, 1980. Thereupon, the complaint alleges, the Navy unilaterally redetermined plaintiff's qualifications through the Office of Personnel Management in Norfolk, and wrongfully terminated his position. Thereafter, according to plaintiff, the Office of Personnel Management in Washington, D.C., determined plaintiff to be qualified for the Navy position, but the Navy arbitrarily and capriciously failed to rehire him. Plaintiff asserts this court has jurisdiction of his claim for damages under the Tucker Act, 28 U.S.C. § 1491 (1976) and the Back Pay Act of 1966, 5 U.S.C. § 5596 (1976).

Defendant's motion to dismiss is based on plaintiff's claim being barred by the doctrines of *res judicata* and collateral estoppel and on the court's lack of jurisdiction over the subject matter.

Defendant attached to its motion a copy of a decision of the United States Court of Appeals for the Fourth Circuit, which shows that plaintiff had previously appealed the Navy's action to the Merit Systems Protection Board (MSPB) pursuant to 5 U.S.C. § 7701 and from the adverse decision of the Board to the Court of Appeals,

*Holmes v. United States Department of Navy,* 701 F.2d 165 (4th Cir.1983, unpublished).

The Board decided that it was without jurisdiction to hear the appeal because it found that the gravamen of plaintiff's appeal was that the agency had erroneously and wrongfully found him not qualified and because the selection or nonselection of employees was not within its appellate jurisdiction.

The Court of Appeals affirmed the MSPB's ruling. It stated that the Board is vested with jurisdiction to hear appeals from employees who have been removed from their positions, but it is not empowered to hear appeals concerning the selection or nonselection of potential employees. It ruled that because from the date of his selection until the date of his dismissal the Navy had analyzed plaintiff's record and refused to permit him to complete a Standard Form 50, Notice of Personnel Action, plaintiff had never been appointed as an employee and consequently the Board had no jurisdiction to entertain his appeal from the Department's action.

■ Recognizing that the question of whether or not plaintiff was an employee of the government at the time of his dismissal is now *res judicata,* in his brief in opposition to defendant's motion to dismiss, plaintiff argues that the court may award him back pay even if he was not a federal employee because the Navy "violated [its own] regulations by refusing to give the plaintiff proper credit for his prior experience." Plaintiff contends that the court has jurisdiction of the suit because the Tucker Act, 28 U.S.C. § 1491, provides that the court "shall have jurisdiction to render judgment upon any claim against the United States founded * * * upon * * * any regulation of an Executive Department." However, plaintiff's argument must fail for at least two reasons: First, "The Tucker Act * * * is * * * only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages * * * the Act merely confers jurisdiction upon [the court] whenever

the substantive right exists." *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). And see also *United States v. Mitchell,* —— U.S. ——, 103 S.Ct. 2961, 2967–68, 77 L.Ed.2d 580 (1983) and *United States v. Connolly,* 716 F.2d 882 (Fed.Cir.1983).

■ Second, "Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim—whether it be the Constitution, a statute, or a regulation—does not create a cause of action for money damages unless * * * that basis 'in itself * * * can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.' " *Testan, supra,* 424 U.S. at 401–02, 96 S.Ct. at 954–55, quoting with approval from *Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1009 (1967). *See Mitchell, supra,* 103 S.Ct. at 2968. Plaintiff claims that the requisite substantive right may be found in 26 C.F.R. § 337.101(c) (1980). But all that regulation provides is the extent of the credit to be given by the Office of Personnel Management to an applicant for employment for valuable experience and military service. Nowhere does it mandate that, if the agency erroneously fails to afford the applicant such credit, the United States is to be held liable to the applicant for damages.

■ Similarly, plaintiff's reliance in his complaint upon the Back Pay Act, 5 U.S.C. § 5596, for jurisdiction over his claim is misplaced. That Act "was intended to grant a monetary cause of action only to those who were subjected to a reduction in their duly appointed emoluments or position" (*Testan, supra,* 424 U.S. at 407, 96 S.Ct. at 957), not to one who was merely an applicant for it. "The Back Pay Act is merely derivative in application; it is not itself a jurisdictional statute." *Connolly, supra,* 716 F.2d at 887.

Plaintiff cites *Chambers v. United States,* 196 Ct.Cl. 186, 451 F.2d 1045 (1971) and *Daub v. United States,* 154 Ct.Cl. 434, 292 F.2d 895 (1961) as authorities supporting his

contention that a violation of a regulation relating to the qualifications of an applicant for employment may give rise to a substantive right to back pay.

The plaintiff in *Chambers* had been found to have been the victim of racial discrimination in the denial of her application of government employment, in violation of an executive order. The court analyzed the background of the order and inferred that Congress, in giving the President the statutory authority to carry out the policy of equal employment opportunity, intended that back pay be available as a remedy for violation of such executive order. There is no evidence of similar intent with respect to the regulation on which plaintiff here relies. To the contrary, since the Court of Appeals for the Federal Circuit, whose decisions are binding on this court, has held that the Civil Service Reform Act of 1978 Pub.L. No. 95–454, 92 Stat. 1111 (1978) "entirely forecloses the possibility that probationary employees have some sort of unspecified private right to action in the Claims Court under the Act to seek judicial review of their removals" (*United States v. Connolly, supra,* at 886), it would be incongruous to suppose that Congress or the drafters of the regulation upon which plaintiff relies intended to give such a right of action to an applicant denied a position. Finally, in *Testan, supra,* 424 U.S. at 404–05, 96 S.Ct. at 956–57, the Supreme Court rejected the analysis in *Chambers* and in two other cases which had followed *Chambers, Allison v. United States,* 196 Ct.Cl. 263, 451 F.2d 1035 (1971) and *Pettit v. United States,* 203 Ct.Cl. 207, 488 F.2d 1026 (1973).

*Daub v. United States,* 154 Ct.Cl. 434, 292 F.2d 895 (1961) involved a situation where the Army had removed an employee for a relatively minor offense and then reinstated him, conceding that the removal was wrongful under its own regulations, but failed to compensate him for the interim period. The court held that although the employee only had temporary status and was not covered by the back pay statute, because the Army regulations required uniform treatment of all its employees and an employee having Civil Service status had the right to sue for back pay upon reinstatement so did the plaintiff. Also, since the Army conceded the removal was wrongful and reinstated the plaintiff, he was entitled to the compensation legally belonging to one entitled to hold the position (citing *United States v. Wickersham,* 201 U.S. 390, 26 S.Ct. 469, 50 L.Ed. 798 (1906)). The case is, of course, distinguishable on the ground that *Daub* had been properly appointed to his position and was not a mere applicant. But more importantly, *Daub* long preceded the analyses of this court's jurisdiction in *Testan* and *Mitchell* and in the other cases cited herein.

### Conclusion

Defendant's motion to dismiss the complaint is granted. The clerk will enter judgment accordingly with costs to defendant.