**Riley D. WALKER, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 82–1367.

United States Court of Appeals,
Tenth Circuit.

March 6, 1984.

**68**

Steven M. Angel, Angel & Gassaway, Oklahoma City, Okl., for plaintiff-appellant.

Robert D. Dennis, Asst. U.S. Atty., Oklahoma City, Okl. (William S. Price, U.S. Atty. and Richard W. Freeman, Jr., Asst. U.S. Atty., Oklahoma City, Okl., and Curtis L. Bentz, Captain, U.S. Air Force, Washington, D.C., with him on brief), for defendant-appellee.

Before BARRETT and McKAY, Circuit Judges, and BROWN, Senior District Judge.[*]

PER CURIAM.

Appellant seeks review of a magistrate's order[1] dismissing his action, which alleged appellant had been denied due process of law when he was fired from his job at Tinker Air Force Base, Oklahoma.

## I. BACKGROUND

Appellant was a probationary employee at Tinker Air Force Base. He was terminated for allegedly making a false state- ment on one of the forms he was required to complete prior to employment. Appellant received a notice of the proposed termination and was given five working days to seek review of the proposed decision by another management official. Appellant denied the allegation orally and in writing within the five-day period. He was then notified that in spite of his replies to the charge, the government had concluded that the allegation was fully supported by the evidence and the decision to terminate was final.

## II. THE PROPERTY AND LIBERTY INTEREST CLAIMS

■ The fifth amendment prohibits the government from depriving a person of liberty or property without due process of law. U.S.Const. amend. V. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)). However, this requirement is triggered only when a liberty or property interest is implicated. *Board of Regents v. Roth*, 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Thus, the issue here is whether, in terminating appellant, the government deprived him of a protected liberty or property interest and, if so, whether the procedures utilized satisfied applicable constitutional standards.

■ As a probationary employee, appellant had no "legitimate claim of entitlement" sufficient to create a property interest in his continued employment. Thus, he is not entitled to full procedural due process protections on that ground. *Id.* at 577–78, 92 S.Ct. at 2709.

---

[*] Honorable Wesley E. Brown, Senior United States District Judge, Wichita, Kansas, sitting by designation.

1. The parties consented to a magistrate's dispositive jurisdiction under procedures authorized by the Magistrate's Act of 1979, wherein any appeal is taken directly to the appropriate United States Court of Appeals. 28 U.S.C. § 636(c) (Supp. V 1981).

However, we find that appellant's liberty interest was implicated. The liberty concept recognizes two particular interests of a public employee: (1) protection of his good name, reputation, honor and integrity, and (2) freedom to take advantage of other employment opportunities. *Miller v. City of Mission*, 705 F.2d 368, 373 (10th Cir. 1983). As we noted in *Miller*, these are two separate liberty interests, and the manner in which a public employee is terminated may deprive him of one or both of these interests. "When the termination is accompanied by public dissemination of the reasons for dismissal, and those reasons would stigmatize the employee's reputation or foreclose future employment opportunities, due process requires that the employee be provided a hearing at which he may test the validity of the proffered grounds for dismissal." *Id.*

The record contains ample evidence to suggest that appellant was stigmatized and that his future employment opportunities were foreclosed. Appellant was accused of lying on a government employment application. In *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the Court found that respondent's liberty interest was not implicated because the state had not based its decision not to renew respondent's contract on a charge, "for example, that he had been guilty of dishonesty, or immorality. Had it done so, [Roth] would be a different case." *Id.* at 573, 92 S.Ct. at 2707. Dishonesty is exactly what appellant here was accused of, thus, bringing into question his good name, reputation, honor and integrity.

Further, future employment opportunities have been foreclosed to appellant. Appellant reapplied for work at Tinker Air Force Base. His application was rejected on the basis that the government's records showed that appellant was removed from his position at Tinker for "falsification of [a] pre-appointment document." Record, vol. 1, at 119. The Federal Personnel Manual, Chapter 294, Subchapter 7–2–b (February 6, 1976),[2] provides that the entire personnel folder of a current or former federal employee may be obtained by any other federal employer. Title 5 C.F.R. § 294.-702(c) (1983) provides that a prospective employer of a present or former government employee may obtain information as to the date and reason for that employee's separation from government service as shown on the Notification of Personnel Action Standard Form 50. In the instant case, appellant's Standard Form 50 contains the statement that appellant was terminated for "falsification of [a] pre-appointment document." Record, vol. 1, at 73.[3]

In addition to being foreclosed from future employment opportunities and the likelihood of future disclosure of the stigmatizing information,[4] the government disclosed the stigmatizing information to the Oklahoma Employment Security Commission. This disclosure was made in response to appellant's claim for unemployment compensation benefits. The government argues that under *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), a disclosure made in the course of judicial and administrative proceedings which did not commence until after the injury was

---

**2.** Reproduced in Appellant's Reply Brief at 16.

**3.** The government looks to *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), to support its position that appellant's liberty interest was not sufficiently implicated to invoke constitutional safeguards. In *Davis*, the Court held that a liberty interest was not infringed when the *only* loss suffered at the hands of the government is a "stigma" or damage to reputation. *Id.* at 701, 96 S.Ct. at 1160. In the instant case, not only was appellant's good name, reputation, honor and integrity drawn into question but he lost his job, is practically foreclosed from future employment and has lost his opportunity

under the Vietnam Era Veterans' Readjustment Assistance Act to enter federal service noncompetitively. 5 U.S.C. §§ 3301, 3302 (1976 & Supp. V 1981); 5 C.F.R. §§ 307.101 to .107 (1983); Federal Personnel Manual Chapter 307.

**4.** *See Goss v. Lopez*, 419 U.S. 565, 575 & n. 7, 95 S.Ct. 729, 736 & n. 7, 42 L.Ed.2d 725 (1975), and *McGhee v. Draper*, 564 F.2d 902, 910 n. 6 (10th Cir.1977), where the Supreme Court and this court recognize possible future disclosure as a factor to consider in determining whether a liberty interest is implicated.

suffered cannot implicate a liberty interest. We do not read *Bishop* as stating such a broad rule. In *Bishop*, the court noted that a communication made in a judicial proceeding which did not commence until after the alleged injury was suffered could not provide retroactive support for a due process claim. *Id.* at 348, 96 S.Ct. at 2079. *Bishop* does not support an extension of this statement to the situation we have before us. Here the disclosure to the unemployment commission was part of the injury itself.'

The government contends that appellant was not stigmatized by release of the information because he was able to challenge the allegation in front of the Oklahoma Unemployment Commission and was in fact successful in his challenge. The fact that an employee can later prove the government's charges to be false does not mean the employee was not stigmatized and did not need to be afforded constitutional safeguards. If such a subsequent challenge demonstrates anything, it demonstrates the need for constitutional safeguards at the time of termination in order to prevent stigmatization from occurring in the first instance. Appellant should not be forced to reestablish his innocence every time he applies for benefits or a job.

### III. PROCEDURAL DUE PROCESS

■ Next we must determine whether the procedures employed in terminating appellant met constitutional requirements. Contrary to the finding of the trial court, appellant's status as a probationary employee does not affect the scope of his procedural rights once a liberty interest is implicated. *See Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). His status as a probationary employee only affects the scope of his procedural rights under a property interest analysis.

In *Miller v. City of Mission*, 705 F.2d 368 (10th Cir.1983), we held that the opportunity to be heard at a meaningful time and

in a meaningful manner included three elements: (1) an impartial tribunal; (2) notice of the charges and that the notice be given a reasonable time before hearing is to take place; and (3) except in emergency situations, that the hearing be held *before* termination becomes effective. *Id.* at 372 (emphasis in *Miller*). "The purpose of such notice and hearing is to provide the person an opportunity to clear his name." *Roth*, 408 U.S. at 573 n. 12, 92 S.Ct. at 2707 n. 12.

■ Appellant was given five days to respond to the personnel office. Under the circumstances, however, this did not afford him an opportunity to be heard in a meaningful manner and therefore did not satisfy the hearing requirement of due process. While not necessary in every case,[5] "procedural due process often requires confrontation and cross-examination of those whose word deprives a person of his livelihood." *Willner v. Committee On Character*, 373 U.S. 96, 103, 83 S.Ct. 1175, 1180, 10 L.Ed.2d 224 (1963); *McGhee v. Draper*, 564 F.2d 902, 911 (10th Cir.1977). The government claimed that the dishonesty charge against appellant was based on the statement of appellant's former employer. However, appellant was unable to determine for himself, and the government would not disclose, who at appellant's place of former employment made the statement. Appellant was thus precluded from the opportunity to clear his name. The allegation here is of a serious enough nature that appellant should have the right to confront and cross-examine those who charged him with dishonesty. Appellant was accused of dishonesty and a very broad range of future employment possibilities has potentially been foreclosed. In light of this, appellant's denial of the allegation is "enough 'to raise an issue about the substantial accuracy' of the [government's report]." *McGhee v. Draper*, 564 F.2d 902, 911 (10th Cir.1977) (quoting *Codd v. Velger*, 429 U.S. 624, 628, 97 S.Ct. 882, 884, 51 L.Ed.2d 92 (1977)).[6]

---

**5.** *See Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963 (1974).

**6.** The parties argue at length about whether appellant was entitled to a *pre-termination* hear-

■ After carefully reviewing the administrative record we find that it is insufficient to satisfy the requirements of due process. Appellant was not afforded a pretermination hearing in which he had the opportunity to clear his name. Further, what hearing he had was not before an impartial tribunal. Instead, he was directed to respond to the very office which issued the termination notice.

## IV.  EXHAUSTION OF REMEDIES

■ The trial court also found that the appeal procedures set out in 5 C.F.R. § 315.806 (1983) are mandatory and because appellant did not file an appeal with the Merit Systems Protection Board, pursuant to the regulation, he failed to exhaust his administrative remedies. Without expressing an opinion as to whether the administrative appeal is mandatory or permissive, we find that appellant did not fail to exhaust administrative remedies because this case does not fall within the provisions of that regulation. Under the regulation, the Merit Systems Protection Board's review is confined to the following issues:

(b) *On discrimination.* An employee may appeal under this paragraph a termination not required by statute which he or she alleges was based on partisan political reasons or marital status.

(c) *On improper procedure.* A probationer whose termination is subject to § 315.805 may appeal on the ground that his termination was not effected in accordance with the procedural requirements of that section.

5 C.F.R. § 315.806(b) and (c) (1983). The only other grounds upon which an employee can appeal to the Merit Systems Protection Board is if the employee alleges discrimination based on race, color, religion, sex, national origin, age or physical handicap. 5 C.F.R. § 315.806(d). Appellant does not contend that his termination was based on discrimination as defined in paragraph (b), or that he was discriminated against on the basis of race, color, religion, etc. Appellant's termination was subject to 5 C.F.R. § 315.805. However, appellant does not contend that the government failed to follow the procedural requirements of section 315.805. Rather, appellant's contention is that the procedural requirement of section 315.805, even if followed, are not adequate. Thus, the Merit Systems Protection Board did not have jurisdiction to review appellant's termination under section 315.805.

## V.  CONCLUSION

In light of our findings that appellant's liberty interest was implicated and he was not afforded procedural due process, we reverse the decision of the trial court and remand for that court to determine appropriate remedies.

Reversed and remanded.

ing. The government points out that *McGhee* did not reach the pre-termination issue. *McGhee,* 564 F.2d at 911. We do not need to decide whether procedural due process would have been satisfied had appellant been provided a post-termination hearing in lieu of a pre-termination hearing. *See Arnett v. Kennedy,* 416 U.S. 134, 157, 167–68, 94 S.Ct. 1633, 1645, 1650–51, 40 L.Ed.2d 15 (1974). He was provided neither.