**Kirk D. SCHROEDER**

v.

**The UNITED STATES.**

No. 642–84C.

United States Claims Court.

Sept. 18, 1986.

Steven M. Angel, Oklahoma City, Okl., attorney of record, for plaintiff. Hughes & Nelson, of counsel.

Eva M. Plaza, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, for defendant. M. Susan Burnett, Dept. of Justice, and Albert T. Berry, Dept. of Agriculture, of counsel.

## OPINION

MEROW, Judge:

Plaintiff, Kirk D. Schroeder, a former competitive service employee of the United States Department of Agriculture (USDA), has brought this action seeking reinstatement, recovery of back pay and attorney's fees and costs on the ground that plaintiff's employment was wrongfully terminated during his one-year probationary period of employment.

Defendant has moved for summary judgment on the ground that this court lacks jurisdiction over plaintiff's challenge to the validity of his dismissal. Plaintiff opposes summary judgment.

*Facts*

On September 16, 1981 plaintiff was employed in Brownsville, Texas as a GS–5 plant protection and quarantine officer for the Department of Agriculture. His position involved examining vehicles, ships and aircraft entering the United States to exclude diseased plants and animals. The employment was subject to a one-year probationary period.

On February 14, 1982 a Brownsville, Texas police officer responded to a "disturbance" call at the apartment complex where plaintiff resided. Apparently, plaintiff's neighbor was concerned about disorderly conduct being displayed by plaintiff. No arrest was made, but on the day following the incident plaintiff's supervisor was contacted by the police, allegedly for the purposes of positively identifying plaintiff in the police report on the incident.

Subsequently, the USDA determined that it would be in the best interest of the government to terminate plaintiff's employment. The government alleges that the USDA determination was reached after thorough discussion and deliberation by the officials concerned. Plaintiff was provided a notice of removal dated April 5, 1982, informing him of the USDA's decision. The notice cited the above-described incident as the basis for the separation, in addition to citing the fact that, on at least one occasion prior to the incident, plaintiff had reported late to work. As a probationary employee, plaintiff was informed of his right to appeal the adverse action to the Merit Systems Protection Board (MSPB) if he claimed discrimination on the basis of political affiliation or marital status.

The record indicates that Mr. Schroeder appealed the adverse agency action to the MSPB's Dallas regional office on May 12, 1982. In his appeal, he claimed discrimination on the basis of national origin and lack of receipt of timely notice of termination. Plaintiff's appeal was dismissed by the presiding MSPB official on August 11, 1982 for lack of jurisdiction since plaintiff's appeal had not alleged discrimination on the basis of marital status or partisan political affiliation. *See* 5 C.F.R. § 315.806(b) (1982).

In the instant litigation plaintiff alleges that his separation from his USDA position was arbitrary and a violation of due process in that it was based on false and misleading information relating to his off-duty conduct which, plaintiff alleges, was unrelated to his employment. Mr. Schroeder now seeks reinstatement and back pay and cites the fifth amendment to the United States Constitution and the Back Pay Act, 5 U.S.C. § 5596, as the basis for his claim, as filed pursuant to 28 U.S.C. § 1491.

For the reasons stated herein, it is concluded that defendant's motion for summary judgment is meritorious.

*Discussion*

Defendant argues that no statute, regulation or constitutional provision entitles a former federal competitive service employee to judicial consideration of his or her claim of unwarranted discharge during the employee's probationary period. Defendant relies on *United States v. Connolly,* 716 F.2d 882 (Fed.Cir.1983), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984), for the proposition that under the terms of the Civil Service Reform Act of 1978, Pub. L. No. 95–454, 92 Stat. 1135 (5 U.S.C. § 7511) (CSRA), this court is not authorized to review the merits of a termination during an employee's probationary employment period. *See U.S. Dept. of Justice v. Federal Labor Rel. Auth.,* 709 F.2d 724, 725 (D.C.Cir.1983).

In *Fausto v. United States,* 783 F.2d 1020, *reh'g,* 791 F.2d 1554 (Fed.Cir.1986), the court ruled that, with respect to an excepted service employee, absent explicit action by Congress to repeal back pay claim jurisdiction previously exercised by

the Court of Claims (Claims Court) under the applicable pay statute for the position involved and 28 U.S.C. § 1491, such jurisdiction would remain in effect after enactment of the CSRA. The otherwise comparable situation of probationary employees, who could also sue for back pay in the Court of Claims prior to enactment of the CSRA, *Greenway v. United States*, 163 Ct.Cl. 72 (1963), was distinguished, in part, on the basis that the legislative history "revealed the intent of Congress not to grant a cause of action under the CSRA to probationary employees * * *." 791 F.2d at 1559–60.

In a published decision issued September 16, 1986 in *Rosano v. United States*, 800 F.2d 1126 (Fed.Cir.1986), the Court of Appeals for the Federal Circuit has affirmed *Rosano v. United States*, 9 Cl.Ct. 137 (1985), "on the basis of the opinion of that court * * *." One basis for the Claims Court decision in *Rosano* was that:

> Finally plaintiff's claim to back pay must be dismissed, because, since the effective date of the Civil Service Reform Act of 1978, Pub. L. 95–454, 92 Stat. 1135 (5 U.S.C. § 7511 *et seq.*) (CSRA), this court has had no jurisdiction of claims for redress of adverse actions against probationary employees.

9 Cl.Ct. at 142.

Accordingly, the *Rosano* decision is now controlling law on this question in this court and must be so followed.[1]

Plaintiff's citations of the due process clause of the fifth amendment and the Back Pay Act, 5 U.S.C. § 5596, are equally unavailing with respect to establishing a jurisdictional predicate for this suit. *Montalvo v. United States*, 231 Ct.Cl. 980, 982–83 (1982). *See, generally, United States v. Connolly, supra,* 716 F.2d at 886–88, *cert. denied*, 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984); *Fiorentino v. United*

*States*, 221 Ct.Cl. 545, 607 F.2d 963 (1979), *cert. denied*, 444 U.S. 1083, 100 S.Ct. 1039, 62 L.Ed.2d 768 (1980).

### Conclusion

For the above stated reasons, it is concluded that the Claims Court lacks jurisdiction over plaintiff's claim contesting his employment dismissal during a probationary period, and it is ORDERED that defendant's motion for summary judgment is granted, with the complaint to be dismissed and no costs to be assessed.

---

**1.** By a motion filed September 8, 1986, defendant has requested a stay of the instant proceedings pending the outcome of a contemplated petition for a writ of *certiorari* the Solicitor General has authorized be filed to seek Supreme Court review of the decision rendered in *Fausto v. United States, supra.* However, given the present *Rosano* decision by the Federal Circuit, this stay motion has been denied in that no purpose would now be served by such a delay.