Riley D. WALKER

v.

The UNITED STATES.

No. 186–85C.

United States Claims Court.

Oct. 16, 1986.

Steven M. Angel, Oklahoma City, Okl., for plaintiff.

Howard Lipper, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

OPINION

ON DEFENDANT'S MOTION
TO DISMISS

SETO, Judge.

This case comes before the court on defendant's motion to dismiss for lack of jurisdiction. Plaintiff predicates his jurisdic-

tion in this court on violations of the due process clause, the Back Pay Act, and the Administrative Procedure Act (APA). Defendant's motion to dismiss adversatively raises three issues: (1) whether a substantive right to money damages can emanate from the due process clause, thus providing a basis for jurisdiction under the Tucker Act, 28 U.S.C. § 1491; (2) whether the Back Pay Act, 5 U.S.C. § 5596, provides a basis upon which this court's jurisdiction can be invoked; and (3) whether a violation of the APA, 5 U.S.C. § 551 *et seq.*, constitutes a substantive right to money damages that allows jurisdiction in this court. For the reasons set forth in this opinion, we find that plaintiff has not established jurisdiction in this court and accordingly, defendant's motion to dismiss pursuant to RUSCC 12(b)(1) is GRANTED.

## FACTS

Plaintiff, Riley D. Walker, was dismissed from probationary employment as a civilian warehouseman at Tinker Air Force Base, Oklahoma (Tinker AFB) for allegedly falsifying an application form. Plaintiff denied the falsification and brought an action in district court asserting that his removal was arbitrary, capricious, and deprived him of property and liberty interests without due process of law as guaranteed by the fifth amendment to the Constitution. The district court found no deprivation of due process, but on appeal, the Tenth Circuit held that although plaintiff had no property interest in probationary employment and that he possessed two liberty interests: (1) protection of his reputation; and (2) freedom to avail himself of other employment opportunities. *Walker v. United States,* 744 F.2d 67, 69 (10th Cir.1984) (citing *Miller v. City of Mission,* 705 F.2d 368, 373 (10th Cir.1983)). The appellate court declared the dismissal procedures at Tinker AFB inadequate to protect plaintiff's right to procedural due process and remanded for a determination of appropriate remedies. 744 F.2d at 71. On remand, the magistrate ordered a pretermination hearing that fully complied with the Tenth Circuit's order, and at the hearing the griev-

ance examiner found, based on the administrative record filed with the district court, that plaintiff had falsified his application for government employment. *See Riley D. Walker v. United States,* No. Civ–81–135–H (W.D.Okla. Mar. 15, 1985). Following the hearing, plaintiff moved to transfer his claim, which exceeded $10,000 and thus fell within the Claims Court's exclusive jurisdiction, to this court. The request was granted, and plaintiff filed an amended complaint asserting that the decision reached at the pretermination hearing was arbitrary, capricious, and unsupported by substantial evidence, thereby depriving him of liberty without due process of law. As a result of the deprivation, plaintiff contends he is entitled to an award of back pay and reinstatement. Plaintiff bases jurisdiction in this court on the due process clause of the fifth amendment, the Back Pay Act, and the APA. Defendant has moved to dismiss this action pursuant to RUSCC 12(b)(1) on the grounds that this court lacks subject matter jurisdiction over plaintiff's claims.

## DISCUSSION

■ Plaintiff asserts jurisdiction in this court under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1982), which provides:

The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The general rule is that this waiver of sovereign immunity merely defines the parameters of the Claims Court's jurisdiction; "it does not *create* any substantive right enforceable against the United States for money damages." *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (emphasis added). Therefore, plaintiff must assert a substan-

tive right that derives from another source of law before he may successfully invoke our jurisdiction under the Tucker Act. 28 U.S.C. § 1491(a)(1). Plaintiff's claim must seek money damages from the United States, *United States v. Mitchell*, 463 U.S. 206, 216, 103 S.Ct. 2961, 2967, 77 L.Ed.2d 580 (1983) (citing *United States v. King*, 395 U.S. 1, 2–3, 89 S.Ct. 1501, 1501–02, 23 L.Ed.2d 52 (1969)) and plaintiff must demonstrate that the source of law he depends on "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport Steamship Corp. v. United States*, 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1009 (1967); *see also McPherson v. United States*, 2 Cl.Ct. 670, 672 (1983) (Claims Court has jurisdiction over constitutional claims, but clause must be interpreted to require compensation for damages).

### Due Process Clause

■ Plaintiff in the instant case asserts that the source of law from which his "substantive right" to money damages emanates is the due process clause of the fifth amendment. Plaintiff contends that the Claims Court and our predecessor court have "frequently held that the Constitution can provide such a substantive right of recovery and thereby establish this Court's jurisdiction." Plaintiff's Response at 17. The due process clause, plaintiff asserts, is the requisite source of law that provides a substantive right of recovery, and in support cites *Kennedy v. United States*, 5 Cl.Ct. 792 (1984); *Jackson v. United States*, 192 Ct.Cl. 765, 428 F.2d 844 (1970); and *Swaaley v. United States*, 180 Ct.Cl. 1, 376 F.2d 857 (1967).[1] Defendant countervails that these cases are inapposite to plaintiff's claim, for three reasons. First, the cases involved *substantive* first amendment free speech claims, rather than *proce-*

*dural* claims, as in plaintiff's case. Second, the Court of Appeals for the Federal Circuit (Federal Circuit) has expressly determined that jurisdiction in *Jackson* and *Swaaley* was based not on constitutional grounds, but rather on a statutory entitlement to pay provided in the basic pay statute. *Rosano v. United States*, 9 Cl.Ct. 137, 143 (1985), *aff'd on basis of that opinion*, 800 F.2d 1126 (Fed.Cir.1986); *United States v. Connolly*, 716 F.2d 882, 888 (Fed. Cir.1983), *cert. denied*, 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). And third, the court in *Kennedy* reasoned that it would hear an employee's claim of an unconstitutional denial of a statutorily-created substantive right when *no other* judicial review was available, 5 Cl.Ct. at 794. *Rosano*, however, declined to apply that rationale when plaintiff had available other judicial recourse, as plaintiff in the instant case has had. 9 Cl.Ct. at 143. We agree with defendant.

The Federal Circuit in *Rosano* and *Connolly* has clarified and limited the ramifications of *Kennedy*, *Jackson*, and *Swaaley*, and their reasoning clearly has no useful application to the instant case. The violation of plaintiff's liberty interest entitles him only to "a chance to clear his name, not reinstatement or back pay, which are intrinsically inappropriate." *Fiorentino v. United States*, 221 Ct.Cl. 545, 607 F.2d 963, 969 (1979), *cert. denied*, 444 U.S. 1083, 100 S.Ct. 1039, 62 L.Ed.2d 768 (1980); *see Doe v. Department of Justice*, 753 F.2d 1092, 1112 (D.C.Cir.1985). Plaintiff was allowed the opportunity to clear his name in the pretermination hearing ordered by the Tenth Circuit. That hearing was the sole remedy due plaintiff to rectify the infringement on his liberty interest. It is now clear beyond cavil that we lack jurisdiction

---

**1.** Although plaintiff does not raise the argument, the Supreme Court has allowed a damages action for a violation of the due process clause of the fifth amendment. *Davis v. Passman*, 442 U.S. 228, 234, 99 S.Ct. 2264, 2271, 60 L.Ed.2d 846 (1979). *Davis* involved a sexual discrimination suit against a private individual, however, and as *Inupiat* indicates, nothing in *Davis* indicates a willingness to permit similar

suits against the United States. 230 Ct.Cl. at 663, 680 F.2d at 132. *Cf. Carlson v. Green*, 446 U.S. 14, 17–18, 100 S.Ct. 1468, 1470–71, 64 L.Ed.2d 15 (1980) (implying damages action from eighth amendment); *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 395–97, 91 S.Ct. 1999, 2004–05, 29 L.Ed.2d 619 (1971) (implying damages directly from fourth amendment).

to award money damages for a claim based on the due process clause. That limitation on our power is well established in the line of cases holding that the due process clause does not obligate the federal government to pay money damages. *See, e.g., Inupiat Community v. United States,* 230 Ct.Cl. 647, 662, 680 F.2d 122, 132, *cert. denied,* 459 U.S. 969, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982); *Elkins v. United States,* 229 Ct.Cl. 607, 608 (1981); *Carruth v. United States,* 224 Ct.Cl. 422, 445, 627 F.2d 1068, 1081 (1980); *Walton v. United States,* 213 Ct.Cl. 755, 757 (1977); *see also Yokum v. United States,* 9 Cl.Ct. 602, 609 (1986); *Bellamy v. United States,* 7 Cl.Ct. 720, 723 (1985); *Cape Fox Corp. v. United States,* 4 Cl.Ct. 223, 237 & n. 38 (1983). Because plaintiff does not assert any money-mandating provision and has availed himself of other judicial review, we have no basis to predicate jurisdiction under the Tucker Act.

*Back Pay Act*

In addition to the due process clause, plaintiff asserts, that the Back Pay Act, 5 U.S.C. § 5596 (1982),[2] provides a substantive right to money damages that bestows jurisdiction under the Tucker Act. More specifically, he contends that the Back Pay Act provides a jurisdictional predicate when procedural rights have been denied. In support of his proposition, he cites several

cases in which procedural errors committed in terminating employees have resulted in awards of back pay and reinstatement under the Back Pay Act.[3] Defendant countervails that the Back Pay Act is solely derivative in application and does not provide an independent predicate for jurisdiction. *Spagnola v. Stockman,* 732 F.2d 908, 912 (Fed.Cir.1984); *Montalvo. v. United States,* 231 Ct.Cl. 980, 982 (1982). We agree.

Some provision of law other than the Back Pay Act must first mandate, or at least be interpreted to mandate, money damages to an employee suffering an unjustified or unwarranted personnel action, before the Back Pay Act may be relied on to invoke this court's jurisdiction. *Spagnola,* 732 F.2d at 912; *Connolly,* 716 F.2d at 887; *Montalvo,* 231 Ct.Cl. at 982. Unless another law is adduced, the "Back Pay Act itself cannot fill that gap." *Spagnola,* 732 F.2d at 912; *see Montalvo,* 231 Ct.Cl. at 982; *Holmes v. United States,* 3 Cl.Ct. 521, 523 (1983). In the instant case, plaintiff fails to assert a violation of a pay statute or some other provision that mandates payment of money damages;[4] his claim rests solely on the due process clause, which does not itself create a substantive right to money damages. Moreover, in the cases cited by plaintiff, procedural rights were denied that were required by *regulation.*

---

**2.** Section 5596(b)(1) provides:

An employee of an agency who, on the basis of a timely appeal or an administrative determination ... is found by appropriate authority under applicable law, rule, or regulation, or collective bargaining agreement to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of pay, allowances, or differentials of the employee

(A) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect

(i) an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred, less any amounts earned by the employee through other employment during that period....

**3.** *Summers v. United States,* 648 F.2d 1324, 1327 (Ct.Cl.1981); *Bur v. United States,* 621 F.2d 415, 416 (Ct.Cl.1980); *Shaposka v. United States,* 563 F.2d 1013, 1018 (Ct.Cl.1977); *Gratehouse v.*

*United States,* 512 F.2d 1104, 1108 (Ct.Cl.1975), *cert. denied,* 434 U.S. 955, 98 S.Ct. 480, 54 L.Ed.2d 313 (1977).

**4.** Although plaintiff does not base his claim for back pay and reinstatement on the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 7511 *et seq.,* the terms of the CSRA preclude Claims Court review of an employee's dismissal that occurs during the probationary period. That argument, if proffered, would not have prevailed in this situation since plaintiff was a probationary employee when he was terminated. *See Rosano,* 9 Cl.Ct. at 142; *Connolly,* 716 F.2d at 886; *see also Immigration and Naturalization Service v. Federal Labor Relations Authority,* 709 F.2d 724, 725 (D.C.Cir.1983); *Schroeder v. United States,* 10 Cl.Ct. 801, 802 (1986). *But cf. Fausto v. United States,* 791 F.2d 1554, 1559–60 (Fed.Cir.1986) (CSRA adverse action provisions authorize review of excepted service employee's claims under Back Pay Act).

Violating those *regulations* gave rise to claims for money damages that were cognizable under the Tucker Act. Because those cases require a violation of a procedural right protected by regulation, they are inapposite to the instant case. Plaintiff asserts nothing more than a violation of the due process clause, not the requisite violation of a money-mandating regulation that would invoke our jurisdiction. Finally, the pretermination hearing accorded plaintiff provided the procedural due process necessary to satisfy the dictates of the fifth amendment. Because he has been granted all the procedural rights to which he is entitled, he does not fall within the ambit of his cited cases. If plaintiff is upset with that remedy or decision reached in the pretermination hearing, he must challenge those action in the proper forum. We have no jurisdiction to review the decisions of other courts within the federal system. *See City Development Co. v. United States,* 220 Ct.Cl. 730, 731, 618 F.2d 122 (1979).

*Administrative Procedure Act*

 Plaintiff finally asserts that a violation of the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.* (1982), which occurred at plaintiff's pretermination hearing, provides a jurisdictional predicate for plaintiff's claim for back pay and reinstatement. *Foote Mineral Co. v. United States,* 228 Ct.Cl. 230, 232, 654 F.2d 81, 83 (1981) (basing jurisdiction to review administrative decision on 43 U.S.C. § 1734(c), which authorized money refund). Defendant responds that an APA violation does not warrant our jurisdiction over an action for money damages. We agree. *See* 5 U.S.C. § 702 ("an action ... seeking relief *other than money damages* ... shall not be dismissed ... on the ground that it is against the United States ...") (emphasis added). *Califano v. Sanders,* 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977) (APA does not imply grant of subject matter jurisdiction); *cf. Kidco, Inc. v. United States,* 4 Ct. Int'l Trade 103, 104 (1982) (section 702 does not afford Court of International Trade independent basis of juris-

diction where none otherwise exists); *Lee v. Blumenthal,* 588 F.2d 1281, 1283 (9th Cir.1979) (section 702 does not affect existing limitations on district court jurisdiction); *Larsen v. Hoffman,* 444 F.Supp. 245, 255 (D.D.C.1977) (APA does not provide basis for district court jurisdiction). Because plaintiff fails to cite a money-mandating provision, we have no authority to review, under the APA, plaintiff's allegations that the results of his pretermination hearing were arbitrary, capricious or unsupported by substantial evidence. The appropriate forum for that review must be found elsewhere.

CONCLUSION

For the reasons stated, defendant's motion to dismiss for lack of jurisdiction is GRANTED, and plaintiff's motion for partial summary judgment is DENIED. Complaint dismissed and no costs assessed.

IT IS SO ORDERED.