Evelyn I. LIVENGOOD, Plaintiff,

v.

Rollie D. THEDFORD, Defendant.

No. CIV–86–2314–A.

United States District Court,
W.D. Oklahoma.

March 17, 1988.

Larry Sizemore, Oklahoma City, Okl., for plaintiff.

William S. Price, U.S. Atty., Mary M. Smith, Asst. U.S. Atty., Oklahoma City, Okl., Gayla Fuller, Chief Counsel, Arnold S. Battise, Asst. Regional Counsel, Dept. of Health & Human Services, Dallas, Tex., Mort G. Welch, Abowitz & Welch, Oklahoma City, Okl., for defendant.

## ORDER

ALLEY, District Judge.

Plaintiff's Motion to Dismiss or, in the Alternative, for Summary Judgment was earlier heard and denied on its first prong. By order dated August 20, 1987, the Court reserved ruling on the second prong, so that there would be an opportunity to develop and present facts.

Plaintiff was placed as a probationer in a supervisory civil service job, with a probationary period of twelve months. Her immediate supervisor gave her a bad performance appraisal about three and one-half months after she commenced her new duties. Defendant, a higher level supervisor, approved it. Plaintiff instituted a grievance to set aside the appraisal, and did not prevail after lengthy and elaborate proceedings.

As a result of the poor appraisal, she was returned to her lower, permanent position. Thereafter she brought this lawsuit by a complaint that is not "a short and plain statement of the claim...." as required by Federal Rule of Civil Procedure 8(a)(2), (e)(1), but is rather a prolix diatribe difficult to read and interpret. Interpretation here is necessarily done by process of elimination. Because plaintiff alleged no statute vesting this Court with jurisdiction, but invokes only the Constitution directly, and because there is no law under which she has a litigation remedy against the United States, the only conceivable theory of the case is that it is a Constitutional tort alleged against defendant personally, *see Bivens v. Six Unknown Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The Constitutional violations alleged are deprivation of procedural due process, of substantive due process, and of a liberty interest (apparently based on a "stigmatizing personnel action" theory).

## I.

■ Fifth Amendment based claims arising out of employment may indeed be pursued on a *Bivens* theory. *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). However, in federal personnel matters as to which there is a careful, comprehensive grievance and review procedure, the Supreme Court has unanimously and emphatically rejected any *Bivens* remedy. *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983). If proved, the employer action in *Bush* would have been far more egregious than in this case; but, nevertheless, the Court answered "no" to what it perceived as the question:

> "Given the history of the development of civil service remedies and the comprehensive nature of the remedies currently available, it is clear that the question we confront today is quite different from the typical remedial issue confronted by a common-law court. The question is not what remedy the court should provide for a wrong that would otherwise go unredressed. It is whether an elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations, should be augmented by the creation of a new judicial remedy for the constitutional violation at issue...." *Id.* at 388, 103 S.Ct. at 2416.

The rule of *Bush* has been applied in many cases in lower federal courts.

■ It would not avail plaintiff to argue that *Bush* is inapposite to her case because she, as a probationer, was left without civil service protections. First, it is plain that plaintiff's restoration to her former position was but a consequence of her adverse performance appraisal. She could, and did, present a grievance about the appraisal and pursued it tenaciously through four levels of review. Management was upheld every time, but plaintiff had access to a compre-

hensive system in which, had she succeeded, she would have undercut the basis for her restoration.

◼ Second, at least as to procedural due process, she as a probationary employee had no property right in the higher position in the first place. *Walker v. United States,* 744 F.2d 67 (10th Cir.1984). Plaintiff has tried to obviate this problem in her case by pleading that she had had prior supervisory assignments by virtue of which she should not, under applicable regulations, have been made a probationer. In his summary judgment documents, defendant has persuasively refuted that plaintiff had any such prior assignments, and his refutation is not factually rebutted. *Walker* applies.

Third, and in any event, a *Bivens* remedy is not available to probationers even if a civil service system remedy is not provided for termination of probationer status because here there are "special factors counseling hesitation in the absence of affirmative Congressional action." *Pinar v. Dole,* 747 F.2d 899 (4th Cir., 1984), *cert. denied,* 471 U.S. 1016, 105 S.Ct. 2019, 85 L.Ed.2d 301 (1985); *Francisco v. Schmidt,* 575 F.Supp. 1200 (E.D.Wisc.1983); cf. *Weatherford v. Dole,* 763 F.2d 392 (10th Cir.1985). *Kotarski v. Cooper,* 799 F.2d 1342 (9th Cir.1986) is *contra* and, in this court's opinion as in the opinion of the dissenter there, is wrong. *Kotarski* is also distinguishable because in it the court vindicated basic First Amendment rights and not simple performance appraisal issues.

## II.

◼ Plaintiff's substantive due process claim is hard to pin down. Whatever it is, the summary judgment evidence of defendant conclusively refutes that the adverse performance appraisal plaintiff got as a probationer was arbitrary, capricious, or unrelated to any legitimate government interest. This Court is not a fifth level of review on her grievance; nevertheless, upon reading the voluminous grievance documentation, the Court is persuaded that the performance appraisal was a legitimate management function legitimately done.

Plaintiff's liberty interest claim is frivolous. There is absolutely nothing pleaded or shown to the effect that her superiors were responsible for publicizing her restoration to her permanent job beyond the circle of government employees involved, as is required on such claims. *Asbill v. Housing Authority,* 726 F.2d 1499 (10th Cir.1984). Also, the law could not be more clear that simply calling a public employee incompetent or inadequate raises no Constitutional liberty interest issues. *See e.g., Vaughn v. Shannon,* 758 F.2d 1535 (11th Cir.1985); *Hadley v. County of DuPage,* 715 F.2d 1238 (7th Cir.1983) *cert. denied* 465 U.S. 1006, 104 S.Ct. 1000, 79 L.Ed.2d 232 (1984); *Robertson v. Rogers,* 679 F.2d 1090 (4th Cir.1982); *Huffstutler v. Bergland,* 607 F.2d 1090 (5th Cir.1979).

## III.

◼ For the reasons given above, plaintiff has suffered no Constitutional deprivations, and in any event no *Bivens* remedy is available to her. But even if the Court is wrong in everything stated in parts I and II of this order, defendant is immune from liability. He should not have to go to trial. *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). Defendant did not commit any Constitutional violations as to which the law was clear and ought to have been known to him. This case perfectly fits the template of immunity from suit itself fashioned by the Supreme Court in *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Defendant's Motion for Summary Judgment is GRANTED.