**Nancy SOIETT, Plaintiff,**

v.

**Thomas K. TURNAGE, Director, Veterans Administration, Defendant.**

Civ. No. 88–0266–B.

United States District Court, D. Maine.

March 23, 1989.

Nancy Soiett, Togus, Me., in pro. per.

Michael M. DuBose, Asst. U.S. Atty., Bangor, Me., for defendant.

MEMORANDUM DECISION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

CYR, Chief Judge.

Defendant moves for summary judgment on plaintiff's claim for interest on an arbitral award of back pay under 5 U.S.C.

---

§ 5596(b) (1982) [Back Pay Act].[1] The asserted entitlement to interest is founded on Pub.L. 100–202 § 101(m) [Title VI, § 623(a)] (Dec. 22, 1987) (codified at 5 U.S.C.A. § 5596(b)(2) (West Supp.1988)), which explicitly provides for the payment of interest on back-pay awards under section 5596.[2]

Public Law 100–202 § 101(m) [Title VI § 623(b)] provides as follows:

> Except as provided in paragraph (2), *the amendments made by subsection (a) shall take effect on the date of the enactment of this Act, and shall apply with respect to any employee found, in a final judgment entered or a final decision otherwise rendered on or after such date,* to have been the subject of an unjustified or unwarranted personnel action, the correction of which entitles such employee to an amount under section 5596(b)(1)(A)(i) of title 5, United States Code.

*Id.* (emphasis added). Accordingly, plaintiff is entitled to interest if her back-pay award became final *on or after* December 22, 1987, the date of enactment of Public Law 100–202.

Setting aside the cogent contentions of the defendant to the contrary, *see* Federal Defendant's Reply Memorandum, at 1–3, and viewing the facts in the light most favorable to plaintiff, *see Oliver v. Digital Equipment Corp.,* 846 F.2d 103, 105 (1st Cir.1988), it appears that the arbitrator's decision awarding back pay was issued on November 17, 1987. *See* Arbitrator's Report and Fee Statement, attached as Plaintiff's Exhibit A, at 3. Plaintiff asserts that she received the decision on November 20, 1987. *See* Memorandum in Support of Objection to Motion to Dismiss and for Summary Judgment, at 2.

Plaintiff reasons that the arbitrator's decision did not become final until expiration of the appeal period, that a 35–day appeal period is prescribed by 5 C.F.R. § 1201.113 (1987),[3] and that the arbitrator's decision therefore became final, just 'in the nick of time,' on December 22, 1987.

The back-pay claim was resolved in plaintiff's favor following arbitration under 5 U.S.C. § 7121(e)(1) (1982), which permits an employee to challenge an allegedly unwarranted removal in arbitration or on appeal, but not both. *See* 5 U.S.C. § 7121(e)(1). Plaintiff was removed from her position, *see* 5 U.S.C. § 7512(1) (1982), and, in that regard, subsection 7121(f) in relevant part provides:

> In matters covered under sections 4303 and *7512* of this title which have been raised under the negotiated grievance procedure in accordance with this section, *section 7703* of this title *pertaining to judicial review shall apply to the award of an arbitrator in the same manner* and under the same conditions *as if the matter had been decided by the Board.*

5 U.S.C. § 7121(f) (1982) (emphasis added). Thus, the arbitrator's decision did not remain reviewable during the 35–day appeal period prescribed by 5 C.F.R. § 1201.113 governing appeals *to* the Merit Systems Protection Board (Board), *see* 5 C.F.R. § 1201.114(d). Rather, because the award of an arbitrator stands on an equal footing with a *decision* of the Board, the arbitral award in the present case became final

---

**1.** The defendant moves to dismiss for lack of subject matter jurisdiction. The *pro se* plaintiff neither alleges a sufficient jurisdictional ground, *see* Fed.R.Civ.P. 8(a), nor responds to defendant's motion to dismiss, *see* Local Rule 19(c) (D.Me. Dec. 14, 1987). Defendant, however, requests action on his motion for summary judgment. *See* Federal Defendant's Reply Memorandum in Support of Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, at 1.

**2.** The complaint erroneously cites to the Back Pay Act as a jurisdictional statute. *United States v. Connolly,* 716 F.2d 882, 887 (Fed.Cir.1983),

*cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984); *Holmes v. United States,* 3 Cl.Ct. 521 (1983). However, the present action appears to come within the original jurisdiction of the United States District Court as a claim against the United States, not exceeding $10,000 in amount, founded on the Back Pay Act. *See* 28 U.S.C. § 1346(a)(2) (1982).

**3.** Title 5 Code of Federal Regulations, section 1201.113, states that "[t]he initial decision of the presiding official shall become final 35 days after issuance." 5 C.F.R. § 1201.113 (1987).

upon the expiration of the period permitted for judicial review *of* a Board decision under 5 U.S.C. § 7703 (1982). Section 7703 in turn requires that a petition for review be filed "within 30 days after the date the petitioner received notice of the final order or decision of the Board." 5 U.S.C. § 7703(b)(1) (1982).

Although plaintiff received notice of the arbitrator's decision on November 20, 1987, the period for judicial review expired, and the arbitral award became final, on December 20, 1987, two days before federal law required the payment of interest on back-pay awards.

Accordingly, defendant's motion for summary judgment is GRANTED.

SO ORDERED.