In this civilian pay case, plaintiff seeks review of a Federal Employee Appeals Authority (feaa) decision[1] affirming his dismissal from his position as a probationary Border Patrol Agent with the Immigration and Naturalization Service (ins). Subsequent to the feaa decision, plaintiff filed a motion with the Merit Systems Protection Board (MSPB),the successor to the feaa, to reconsider the feaa’s decision. Upon review of the record, the MSPB denied plaintiffs request to reopen the feaa decision. Plaintiff then timely filed suit in this court seeking reinstatement, back pay, and other relief based on various alleged procedural and substantive defects in the removal decision. The case is now before us on cross-motions for summary judgment. We grant the government’s motion for summary judgment and dismiss plaintiffs petition.
On July 31, 1977, plaintiff received a career-conditional appointment with the INS as a Border Patrol Agent, subject *834 to the satisfactory completion of a one-year probationary period. Several days before the end of his probationary period plaintiff received notice that he was being terminated, effective July 29, 1978, because of excessive indebtedness which reflected unfavorably upon the INS and the Government as his employer. The letter to plaintiff concluded, "The fact that you allowed yourself to incur debts to the point that you were not able to discharge them shows that you lack the judgment required of an officer of this Service.” The record indicates that plaintiff had declared bankruptcy in 1971 and had filed for bankruptcy a second time on May 2,1978.
Plaintiff vigorously contends that his dismissal was due to his filing for bankruptcy on May 2, 1978, in violation of his constitutional and statutory right to declare bankruptcy. We conclude, however, as the feaa held, that plaintiff was dismissed not for filing a bankruptcy petition, but because his continued excessive indebtedness reflected unfavorably upon the INS and the Government.[2] The filing of the bankruptcy petition brought plaintiffs indebtedness to the ins’s attention, but it was not the reason for his discharge. As an ins employee, plaintiff was bound to comply with the Border Patrol Handbook, Section 3-13, regarding the subject of indebtedness. The Handbook states in part:
Failure on the part of an officer to pay his just debts quickly, will bring the Service into disrepute very quickly. As a part of his responsibility to conduct himself properly, an agent is expected to attend promptly to his personal financial obligations. Failure to do so may be deemed sufficient cause for disciplinary action, the most serious of which can be dismissal.
The Federal courts have upheld reasonable, understandable personnel policies which govern the conduct of govern *835 ment employees. Ricci v. United States, 205 Ct. Cl. 687, 701, 507 F.2d 1390, 1398 (1974), citing United States Civil Service Comm. v. National Assoc. of Letter Carriers, 413 U.S. 548 (1973). Additionally, there is compelling authority which indicates that federal agencies may consider the fiscal responsibility of their emloyees when making personnel decisions. Marshall v. District of Columbia Gov’t., 559 F.2d 726, 729 (D.C. Cir. 1977); Dennis v. Blount, 497 F.2d 1305, 1307 (9th Cir. 1974). Robinson v. Blount, 472 F.2d 839, 843 (9th Cir. 1973). This policy is particularly appropriate when the employees are possible bribery targets. Like the police officer in Marshall, supra, a Border Patrol Agent who is unable to manage his financial affairs exposes himself to corruption attempts.
It is significant that plaintiff was still in a probationary status at the time of his dismissal. It is now well settled that our review of the discharge of a probationary employee is quite limited. Shaw v. United States, 223 Ct. Cl. 532, 543-44, 622 F.2d 520, 527, cert. denied, 449 U.S. 881 (1980), citing Perlongo v. United States, 215 Ct. Cl. 982 (1977), cert. denied, 436 U.S. 944 (1978); Dargo v. United States, 176 Ct. Cl. 1193, 1205 (1966), citing Bander v. United States, 141 Ct. Cl. 373, 158 F.Supp. 564, cert. denied, 358 U.S. 855 (1958). In this case, the INS acted to rid itself of an employee whose financial situation made him an undesirable Border Patrol Agent. We simply do not find this action arbitrary, capricious, or unsupported by substantial evidence.
Plaintiff urges this court to find that his termination resulted from pre-appointment debts, and that our decision in Cohen v. United States, 181 Ct. Cl. 400, 384 F.2d 1001 (1967), requires the ins to comply with 5 C.F.R. § 315.805, which sets forth procedures for the termination of probationers for pre-appointment conditions. We need not quarrel with plaintiffs interpretation of Cohen because we find that plaintiffs termination resulted from pos i-appointment circumstances. Even accepting plaintiffs assertion that all of his debts arose prior to his time of employment with INS, he was discharged for allowing those debts to continue during the first nine months of his probationary period. The stated ground for his termination was chronic indebtedness which reflected unfavorably upon the INS and Government *836 as his employer. As we noted in Cohen, "Those employees who cannot properly shoulder the normal burdens of their position in this one-year period are ordinarily to be separated rather summarily.” 181 Ct. Cl. at 405, 384 F.2d at 1003-04, citing Greenway v. United States, 163 U.S. 72, 75 (1963), cert. denied, 385 Ct. Cl. 881 (1966). Moreover, the record indicates that plaintiff made little or no effort during his probation to pay back his creditors.
The facts of plaintiffs continuing indebtedness and the lack of any demonstrated attempts to make any effort to pay creditors or to work out some financial arrangements with them all constitute posi-appointment conditions. For this reason, we conclude that the INS was not required to comply with the procedures in 5 C.F.R. §315.805 regarding terminations for pre-appointment conditions. We find that plaintiffs termination was in compliance with the procedures governing the termination of probationary employees for post-appointment conditions.[3]
The Ninth Circuit held in Dennis v. Blount, supra, that "[t]he Post Office can take into account the failure of its employees to pay their just debts.” 497 F.2d at 1307. We adopt a similar position as regards the INS decision to terminate plaintiff in this case. Indeed, the policy enunciated in Dennis v. Blount applies to this case with at least equal if not greater force in view of the fact that plaintiff was responsible, in his position as a Border Patrol Agent in the San Diego area, for preserving this nation’s borders against illegal traffic in drugs and aliens. In summary, we conclude that Mr. Waide was fired not for filing bankruptcy but for chronic indebtedness which violated INS employment policies and reflected unfavorably upon the INS as Government as his employer.
Accordingly, it is therefore ordered, after consideration of the submissions of the parties, with oral argument of counsel, that plaintiffs motion for summary judgment is *837 denied. Defendant’s motion for summary judgment is granted. Plaintiffs petition is dismissed.
Plaintiffs motion for reconsideration was denied March 19, 1982; plaintiffs petition for a writ of certiorari was denied October 4,1982.

 FEAA Decision No. SF315H80068 (Sept. 22,1978).

 The notes accompanying a section of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 525 (Supp. IV 1980) (which is not applicable to this case), make it clear that § 525 is intended to prohibit an employee’s termination "based solely on the basis of the bankruptcy, on the basis of insolvency before or during bankruptcy prior to a determination of discharge or on the basis of nonpayment of a debt discharged in the bankruptcy case (the Perez situation). It does not prohibit consideration of other factors, such as future financial responsibility or ability, and does not prohibit imposition of requirements such as net capital rules, if applied nondiscriminatorily.” (Emphasis added.)

 5 C.F.R. §315.804 sets forth the required procedures for terminating a government employee for unsatisfactory performance or conduct during his probationary period. The regulation provides in part that the agency "shall terminate his services by notifying him in writing as to why he is being separated and the effective date of the action.” The two-page INS termination letter of July 26, 1978, clearly met the requirements of the applicable regulation quoted above.