This civilian pay case comes to us on petitioner’s timely appeal of a final Merit Systems Protection Board (MSPB) decision. See 5 U.S.C. §7703(b)(l) (Supp. Ill 1979).[1] Respondent has made oral argument; petitioner has declined to do so.
*727 Petitioner Hernandez, a former Dade County, Florida, public safety officer, was appointed February 26,1979, to an excepted position with the United States Secret Service, Department of the Treasury. That appointment was subject to a probationary period of one year. During that probationary period, the FBI investigated alleged wrongdoings within the Dade County force. The probe included Hernandez’ conduct while employed by Dade County. As a result of the FBI investigation, the Secret Service told petitioner he would be terminated if he did not resign. Petitioner resigned November 23, 1979, while he was still a probationary employee.
Hernandez later sought reinstatement with the Secret Service, claiming the resignation was coerced. Following Secret Service refusal, petitioner sought review by the MSPB. The MSPB eventually dismissed Hernandez’ appeal as beyond its jurisdiction. In relevant part, the MSPB held:
Assuming only for the sake of discussion, that the appellant’s resignation was obtained by duress, coersion [sic], intimidation, or deception, and therefore, could be considered to be a removal action, he would not be entitled to appeal his removal under 5 U.S.C. 7511-7514, since these sections provide appeal rights only to an employee in the competitive service or a preference eligible in an Executive agency in the excepted service who has completed one year of current continuous service in the same or similar positions. Neither would he be entitled to appeal the removal action under 5 C.F.R. part 315, Subpart H, as an employee who had been removed during the probationary period since this section provides a regulatory right of appeal only to employees serving a probationary or initial appointment in a competitive position.
Hernandez now appeals the MSPB dismissal. Mysteriously, his brief to this court does not even address the jurisdictional issue and argues only whether the resignation was coerced.
We assume, without deciding, that petitioner’s resignation was indeed coerced and should therefore be considered a removal. Even with that assumption, petitioner’s status as a probationary employee within the excepted service precludes jurisdiction by the MSPB. To the extent Hernán- *728 dez might invoke the MSPB’s 5 U.S.C. §4303(e) jurisdiction over removal for unacceptable job performance, 5 U.S.C. §4303(f)(3) provides that the section, including 5 U.S.C. §4303(e), has no application to probationary employees within the excepted service. If Hernandez tries to employ the MSPB’s 5 U.S.C. §7513(d) jurisdiction over removals for misconduct, he must meet either definition of "employee” contained in 5 U.S.C. §7511(a)(l). Neither definition can be satisfied by Hernandez, for both definitions require the completion of one year of service. See Piskadlo v. Veterans’ Administration, No. 81-1267, slip op. at 2-3 (1st Cir. Jan. 11, 1982). And if petitioner tries to rely on the MSPB’s 5 C.F.R. §315.806 (1980)[2] jurisdiction over certain terminations of probationary employees, 5 C.F.R. §210.101(b) by its express terms renders the former regulation inapplicable to those, such as Hernandez, within the excepted service. As petitioner has pointed to no statute or regulation allowing the MSPB jurisdiction, it follows that the MSPB properly dismissed the appeal. See also 5 C.F.R. §1201.56(a)(2). We so hold.
it is therefore ordered that the decision of the Merit Systems Protection Board be and is hereby affirmed.

 Subsequent statutory references are to the 1979 supplement.

 Subsequent regulatory references are to the 1980 version of the C.F.R.