This civilian pay case comes to us on defendant’s motion for summary judgment. The sole issue is whether this court has jurisdiction to review, on the merits, the dismissal of a probationary employee, given the facts of this case. For the reasons discussed below, we hold that, on the record and facts before us, we do not have jurisdiction in this matter.
On April 4, 1980, plaintiff was hired as a correctional officer at the Federal Correctional Institution (fci) at *981 Miami, Florida, by the Bureau of Prisons, U.S. Department of Justice. Under applicable regulations, plaintiffs appointment was subject to a 1-year probationary period.
On February 12, 1981, plaintiff was interviewed by the warden at fci and certain other government officials, with a union representative in attendance. At this meeting plaintiff was accused of engaging in various illicit activities, including the supply of contraband (drugs, alcohol, nude photographs) to inmates, an illicit relationship with a female co-worker, and aiding in the escape of an inmate.[1] The warden advised plaintiff that he was being dismissed from his position because of his illicit activity. At the close of the interview, plaintiff was given a letter, dated February 12, 1981, which stated that he was to be terminated from his position as of midnight February 12,1981, because the warden had determined that plaintiff was not suited for work in his position. The specific reasons for this conclusion, the letter stated, "have been discussed with you at length in our meeting of today.” Plaintiff was advised, as a probationary employee, of a limited right of appeal to the Merit Systems Protection Board (mspb),[2] or, if plaintiff felt that the action was based on discrimination, plaintiff could initiate an Equal Employment Opportunity complaint.
Plaintiff filed his amended petition in this court on June 10, 1982. Plaintiff alleges that the actions against him are unsupported by the facts and, therefore, arbitrary and capricious.[3] Jurisdiction of this court is invoked pursuant to the Tucker Act, 28 U.S.C. § 1491, as the allegedly illegal action by defendant was claimed to be in violation of the *982 Back Pay Act, 5 U.S.C. § 5596, and the due process clause of the fifth amendment.[4] Plaintiff seeks back pay, restoration to his position as correctional officer, counsel fees and costs.
It is clear that plaintiff is entitled to review in this court only if he can point to a statute or regulation which authorizes an action against the United States under the facts of this case. As will be discussed below, neither the Back Pay Act nor the due process clause of the fifth amendment grants us jurisdiction over this case.
We agree with defendant that the Back Pay Act does not, in and of itself, authorize a suit in this court. The relevant portion of the statute (5 U.S.C. § 5596) states:
(b)(1) An employee of an agency who * * * is found by appropriate authority under applicable law, rule, regulation or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action * * * [is entitled to various forms of relief].
The applicable regulation, 5 C.F.R. § 550.803 (1981), defines "unjustified or unwarranted personnel action” as:
an act of commission or an act of omission (i.e., failure to take an action or confer a benefit) that an appropriate authority subsequently determines, on the basis of substantive or procedural defects, to have been unjustified or unwarranted under applicable law, Executive order, rule, regulation, or mandatory personnel policy established by an agency or through a collective bargaining agreement. Such actions include personnel actions and pay actions (alone or in combination).
The Back Pay Act, therefore, is basically derivative in its application. For the Act to apply, an "appropriate authority” must first find an "unjustified or unwarranted personnel action,” i.e., an action which is prohibited by statute, regulation, etc. So, before plaintiff can invoke the Back Pay Act, he must first demonstrate that the decision to fire him violated an applicable statute or regulation.
As defendant points out, plaintiff cannot assert this court’s jurisdiction on the basis of the due process clause of the fifth amendment. It is an established rule that a claim cognizable in this court must be for money damages. Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 372 *983 F.2d 1002 (1967). We have often held that the due process clause does not in itself obligate the Federal Government to pay money damages. Inupiat Community v. United States, 230 Ct.Cl. 647, 680 F.2d 122, cert. denied, 459 U.S. 969 (1982); Werner v. United States, 218 Ct.Cl. 746, 749 (1978), cert. denied, 441 U.S. 963 (1979); Walton v. United States, 213 Ct.Cl. 755, 757 (1977). Presumably, plaintiff is not asserting a property interest in his employment, as a probationary employee has no legitimate claim of entitlement to his position. Board of Regents v. Roth, 408 U.S. 564, 577 (1972). As to plaintiffs liberty interest in his employment, allegedly violated because of the stigmatizing nature of the accusations made against him, we have recently held that such a claim is not within our jurisdiction. Fiorentino v. United States, 221 Ct. Cl. 545, 554-55, 607 F.2d 963, 969 (1979), cert. denied, 444 U.S. 1083 (1980).
It is well settled that our authority to review the discharge of a probationary employee is quite limited. Waide v. United States, 229 Ct.Cl. 833, cert. denied, 459 U.S. 836 (1982); Shaw v. United States, 223 Ct. Cl. 532, 622 F.2d 520, cert. denied, 449 U.S. 881 (1980). Our review in this case is further limited by the fact that plaintiff does not allege a violation of any procedural rights provided by statute or regulation. Rather, plaintiff seeks a review of the merits of his dismissal. Plaintiff concedes that the very limited right of appeal by probationary employees contained in the applicable regulation, 5 C.F.R. § 315.806, does not apply to the facts of this case.
Defendant vigorously argues that we should find that there is no law which authorizes a probationary employee to challenge the merits of his dismissal in this court. More specifically, defendant argues that the Civil Service Reform Act of 1978 (csra), Pub. L. No. 95-454, 92 Stat. 1111, 5 U.S.C. §§ 7501 et seq. (Supp. II 1978), explicitly exempts probationary employees from its coverage dealing with the review of adverse actions. Defendant would have us hold that the csra reflects the intent of Congress to preclude probationary employees from obtaining judicial review of the merits of their dismissals. Recent cases have held that the mspb has no jurisdiction to hear an appeal, on the merits, of the dismissal of a probationary employee. Her *984 nandez v. Department of Treasury, 230 Ct.Cl. 726 (1982); Piskadlo v. Veterans’ Admin., 668 F.2d 82 (1st Cir. 1982). Defendant now urges that a probationary employee cannot bring suit directly in this court, without any review by the mspb, on a claim based on the merits of his dismissal. Thus, it is defendant’s position that a probationary employee is not entitled to a substantive review in either forum, administrative or judicial.
We do not find that the resolution of this issue is necessary to our holding in this case. Nowhere does plaintiff allege that the jurisdiction of this court is invoked pursuant to the csra. Furthermore, we are hesitant to decide such an important issue where, as here, there has been no oral argument on the issue. Our holding in this case is that we do not have jurisdiction to review the merits of plaintiffs discharge, as plaintiff has failed to show that any statute or regulation authorizes or directs it. A broader holding in this matter is best left for the new U.S. Court of Appeals for the Federal Circuit, which will have exclusive appellate jurisdiction under the csra beginning October 1, 1982.
it is therefore ordered, upon consideration of the parties’ submissions, without oral argument, that the defendant’s motion for summary judgment is granted. The petition is dismissed.
[Reporter’s note: Re Claims Court jurisdiction to entertain a claim of a probationary employee for wrongful removal, see United States v. Connolly, App. No. 83-651, decided September 6, 1983, 716 F.2d 882.]

 No hearing, administrative or judicial, has been held in regard to the grounds for plaintiffs dismissal. Accounts of the meeting on February 12,1981, are provided in a memorandum provided by defendant (dated February 13, 1981) and a sworn affidavit provided by plaintiff.

 5 C.F.R. § 315.806 (1979) provides that a probationary employee may appeal to the MSPB only if the decision to terminate is based on partisan political reasons or marital status. Plaintiff does not raise any issue that falls within the provisions of this regulation.

 Plaintiff does not, however, allege that the decision of the warden to fire him was evidence of bad faith on the part of a government official.

 In his petition, plaintiff also invokes the Administrative Procedure Act and an unidentified requirement by the Office of Personnel Management that probationers receive a full and fair trial. Plaintiff makes no further mention of these alleged grants of jurisdiction, so we assume that these arguments have been abandoned.