**Enver H. BOUNDS, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 417–82C.**

United States Claims Court.

Jan. 7, 1983.

James E. Deno, Everett, Wash., for plaintiffs.

Lynn Bush Ferguson, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for plaintiff; Jeffrey Kahn, Dept. of Agriculture, Washington, D.C., of counsel.

ORDER

KOZINSKI, Chief Judge.

Plaintiffs are beekeepers who suffered losses because poisonous chemicals were used near their beehives. They allege that they submitted indemnity claims for income

losses in 1979 and 1980 under the Beekeeper Indemnity Payment Program, 7 U.S.C. § 284 note (1976). These claims were accepted for payment by the Department of Agriculture but could not be paid due to lack of funding for the program. They brought suit alleging jurisdiction under the provisions of the Beekeepers Indemnity Payment Program and the fifth amendment.

██ Oral argument was held on January 6, 1983, on defendant's motion for summary judgment. Counsel for the parties participated by telephone conference call. The court determined that this case is squarely controlled by *Hoffland v. United States,* No. 672–81C (Ct.Cl. Aug. 27, 1982) which held that we lack jurisdiction over claims by beekeepers under the Beekeeper Indemnity Payment Program because the program "was implicitly contingent on the government's appropriation of funds for its continuance." *Id.* slip op. at 3.

██ Plaintiffs' fifth amendment claim is equally without merit. Insofar as they claim a denial of equal protection, our cases squarely hold that the equal protection clause of the fifth amendment does not form a basis for jurisdiction. *Muehlen v. United States,* 209 Ct.Cl. 690 (1976). Insofar as plaintiffs are arguing a taking without just compensation, that argument is entirely dependent upon the existence of some right or property of which they have been deprived. However, the Court of Claims in *Hoffland* established that no such right existed and therefore there could be no compensable taking under the fifth amendment. *Cf. Royce v. United States,* 1 Cl.Ct. 225, at 226 (Cl.Ct.1982) (KOZINSKI, C.J.).

The motion for summary judgment is granted. The clerk is directed to dismiss the petition with costs to the prevailing party.

IT IS SO ORDERED.