**Peggy June GRIFFIN, Executrix Estate of Peggy Cook Cobb, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 203–89T.

United States Claims Court.

June 21, 1989.

Peggy June Griffin, Evensville, Tenn., pro se.

Jay Philpott, Washington, D.C., with whom was, Asst. Atty. Gen. Shirley D. Peterson, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on plaintiff's claim for a tax refund of monies assessed by the Internal Revenue Service (IRS) on the estate of plaintiff's mother. Plaintiff, who is not represented by counsel, alleged that the IRS assessment, made pursuant to 26 U.S.C. § 6601(a) (1982), was unlawful. Plaintiff based her claim on alleged violations of the fifth amendment right of due process and principles of equity. This same cause of action, based upon identical facts, has been previously litigated in three different tribunals. Plaintiff now claims standing in this court based on 28 U.S.C. § 1491(a)(1) (1982). Upon review of plaintiff's complaint, applicable statutory materials and pertinent case law, this court concludes that it lacks subject matter jurisdiction to consider plaintiff's claim. For reasons set forth below, the court accordingly dismisses plaintiff's complaint with prejudice.

## FACTS

Plaintiff is the daughter of Peggy Garner Cook Cobb. Upon Mrs. Cobb's death on March 29, 1975, plaintiff was appointed executrix of her mother's estate. Acting in that capacity, plaintiff filed an estate tax return on March 26, 1976, pursuant to the requirements of 26 U.S.C. §§ 2001–2002 (1982). At that same time Mrs. Cobb's estate was involved in litigation over the estate of her deceased husband, Newton A. Cobb; his death preceded Mrs. Cobb's on February 24, 1975. Plaintiff did not include the value of the claim asserted against the estate of Mr. Cobb in the estate tax return. The IRS later audited Mrs. Cobb's estate tax return and valued the claim against the estate of Mr. Cobb at $200,000.00. Pursuant to 26 U.S.C. § 2033 (1982), this amount was added to the gross value of Mrs. Cobb's estate, causing a tax payment deficiency. Plaintiff filed a claim in the Tax Court contesting the IRS action and sought to invalidate the inclusion of the $200,000.00 in the estate of Mrs. Cobb. The Tax Court lowered the amount added to the value of Mrs. Cobb's estate to $150,-

000.00, with a tax deficiency of $52,000.00. The total interest calculated on the deficiency amounted to $38,210.12. 26 U.S.C. §§ 6601(a), (h) (1982). Plaintiff paid the deficiency, plus interest on June 14, 1983.

Plaintiff filed a claim with the IRS for an estate tax refund of the interest on June 21, 1983. The IRS denied her claim on November 28, 1984. On December 3, 1984, plaintiff filed an action in the United States District Court of the Eastern District of Tennessee Southern Division. She again asserted entitlement to an estate tax refund, alleging the IRS had illegally assessed interest from the date of her mother's death, rather than from the date her mother's estate actually received money pursuant to the claim against Mr. Cobb's estate. That claim was dismissed based on plaintiff's failure to state a claim upon which relief could be granted. Plaintiff appealed this decision in the United States Court of Appeals, Sixth Circuit, which upheld the lower court's decision. The Supreme Court denied certiorari. Plaintiff, feeling she was thus "left without a remedy at law," filed the present claim in this "court of equity," praying for relief.

## DISCUSSION

The first issue to be addressed is whether the court has jurisdiction to consider plaintiff's claim. This analysis is pivotal; without a proper jurisdictional basis the court is powerless to hear a claim and has no other option than to dismiss plaintiff's case. *Fidelity and Deposit Co. of Maryland v. United States*, 2 Cl.Ct. 137, 142 n. 12 (1983). To determine whether the court's jurisdiction extends to plaintiff's claim we must review plaintiff's complaint and associated documents, *Pinkston v. United States*, 6 Cl.Ct. 263, 265 (1984), as well as pertinent statutory materials and case law. *Diamond v. United States*, 228 Ct.Cl. 493, 498, 657 F.2d 1194, 1197 (1981), *cert. denied*, 459 U.S. 831, 103 S.Ct. 70, 74 L.Ed.2d 69 (1982).

The Claims Court was created pursuant to Article III of the United States Constitution. 28 U.S.C. § 171 (1982). Because of the specific nature of the court's jurisdic-

tion, it is empowered to adjudicate only claims for money damages allegedly due to plaintiff from the United States government. *United States v. Testan*, 424 U.S. 392, 397–98, 96 S.Ct. 948, 952–53, 47 L.Ed. 2d 114 (1976); *see United States v. King*, 395 U.S. 1, 3–4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969); *see also Austin v. United States*, 206 Ct.Cl. 719, 723, *cert. denied*, 423 U.S. 911, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975). To establish that plaintiff has presented a "claim for money," plaintiff must demonstrate that it either sought a refund of money it paid to the government, or that a provision of the Constitution, a statute, an executive order, or a regulation upon which the plaintiff relied expressly or implicitly, mandated a payment of money to plaintiff which the government allegedly and unlawfully declined to pay. Tucker Act, 28 U.S.C. § 1491 (1982); *Testan*, 424 U.S. at 398, 96 S.Ct. at 953. The Tucker Act is a jurisdictional statute only; it does not create any substantive right enforceable against the United States for money damages. *Testan*, 424 U.S. at 398, 96 S.Ct. at 953 (1976).

Plaintiff based her refunds claim against the United States on alleged due process violations under the fifth amendment of the Constitution. There is a formidable precedent which stands for the proposition that this court's jurisdiction does not extend to claims for money based upon an alleged violation of the due process or equal protection clauses of the fifth and fourteenth amendments. *Montalvo v. United States*, 231 Ct.Cl. 980, 982–83 (1982) (due process clause); *Bounds v. United States*, 1 Cl.Ct. 215, 216 (1983), *aff'd*. 723 F.2d 68 (Fed.Cir.1983) (equal protection clause). Plaintiff asserted that she had been deprived of property "without due process of law" and brought this suit under the equity jurisdiction of the court. This court, however, is not a court of equity and may not rule on the type of claim plaintiff presents. In addition, plaintiff has not based her claim on any provision of law mandating that compensation be paid by the federal government for the damage sustained. *Eastport Steamship Corp. v. United States*, 178 Ct.Cl. 599, 605, 372 F.2d

1002, 1007 (1967). Because the provisions in the fifth amendment do not require the payment of money damages, plaintiff's cause of action fails.

Moreover, plaintiff's claim before the court would be barred by the applicable statute of limitations. 26 U.S.C. § 6532(a)(1) (1982), which reads in pertinent part:

> *General Rule.*—No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

Plaintiff was informed of the IRS' denial of her claim for refund on November 28, 1985. Plaintiff's action in this court was filed on April 14, 1989, almost four years after the IRS disallowance. Since plaintiff failed to timely file her complaint within the requisite two year period, the court has no recourse but to dismiss the case.

## CONCLUSION

Plaintiff rests her claim solely on alleged violations of the due process clause of the fifth amendment. The court lacks subject matter jurisdiction over such a claim and thus must grant defendant's motion to dismiss. Additionally, plaintiff's action would be barred by the applicable two year statute of limitations. Consequently, the court may reach neither the tax aspects of plaintiff's claim, nor the issue of res judicata. Defendant's motion is granted and the clerk is directed to enter judgment accordingly. No costs.

IT IS SO ORDERED.