91 F.3d 166
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Al HAMBURG, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 96-5035.
 United States Court of Appeals, Federal Circuit.
 April 24, 1996.
 
 Before LOURIE, Circuit Judge, SKELTON, Senior Circuit Judge, and SCHALL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Plaintiff Al Hamburg acting pro se appeals the order of the Court of Federal Claims (claims court) filed November 8, 1995, in Cause No. 95-7430 in which the court held that it did not have jurisdiction of plaintiff's claims that the political powers in Wyoming and the State and Federal Courts of that State violated his constitutional right to due process and equal protection of the laws when he was convicted in a state court for forging names on an election petition, causing him to be damaged in the sum of two million dollars. The court dismissed his action for lack of subject matter jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 The plaintiff was convicted in a state court in Wyoming on a charge of forging names on an election petition. He tried to reverse the conviction by a direct appeal and by habeas corpus proceedings but was unsuccessful. He filed a complaint in the claims court on November 8, 1995, seeking damages in the sum of two million dollars and other relief. In his complaint he alleged that the forgery charges on which he was convicted were false. He also complained of various evidentiary errors that he alleged were made by the court during his trial. He asserted that he had made repeated complaints to the United States Department of Justice that the "political powers" in Wyoming, and the District Court for Wyoming had violated his constitutional right to due process and equal protection of the laws. He asked the claims court to award him two million dollars in damages. The court dismissed his complaint for lack of subject matter jurisdiction, and he now appeals to this court.
 
 
 3
 The United States Court of Federal Claims is a court of limited jurisdiction as set forth in 28 U.S.C. § 1491 known as The Tucker Act. This statute vests the court with jurisdiction over claims that are based on a contract with the government, or that seek the return of money paid to the government, or that arise under a statutory or constitutional provision that can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained. Testan v. United States, 424 U.S. 392 (1976).
 
 
 4
 The plaintiff relies on the alleged violation of the due process clause and the equal protection clauses of the constitution for the recovery of damages in this case. His reliance on these constitutional provisions is of no help to him because neither clause mandates the payment of money damages by the government even if they are violated. United States v. Grimberg Co., 702 F.2d 1362 (Fed.Cir.1983); Walton v. United States, 213 Ct. Cl. 755 (1977); Montalvo v. United States, 231 Ct. Cl. 980 (1982) (due process clause); and Bounds v. United States, 1 Cl.Ct. 215, aff'd 723 F.2d 68 (Fed.Cir.1983) (equal protection clause). Consequently, the Court of Federal Claims lacked jurisdiction of the subject matter of plaintiff's claims and properly dismissed his complaint. We affirm.
 
 
 5
 Costs assessed against the plaintiff.