Michael TELEMAQUE, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 08–07C.

United States Court of Federal Claims.

July 28, 2008.

Michael Telemaque, Big Spring, Texas, Pro se.

Gregg M. Schwind, Trial Attorney, with whom were Jeffrey S. Bucholtz, Acting Assistant Attorney General, and Jeanne E. Davidson, Director, Commercial Litigation Branch, Civil Division, Department of Justice, for the Defendant.

### OPINION and ORDER

SMITH, Senior Judge.

Defendant has filed a Motion for Summary Dismissal pursuant to RCFC 12(b)(6) arguing that Plaintiff has failed to state a claim for which relief can be granted and Plaintiff has filed a response thereto. For the reasons set forth in this Opinion, the Court hereby **GRANTS** Defendant's Motion to Dismiss.[1]

### FACTS

The facts of this case are difficult to construe based on Mr. Telemaque's Complaint ("Compl."). Plaintiff's Complaint appears to stem from a 1997 conviction by the United States District Court for the Northern District of Florida for conspiracy to possess with intent to distribute cocaine and cocaine base. P.Ex. B at 3. He was sentenced to serve 180 months in prison. *Id.* Subsequently, Immigration and Customs Enforcement ("ICE") filed an immigration detainer with the Bureau of Prisons concerning Mr. Telemaque, a native of the United Kingdom. ICE also initiated deportation proceedings against Mr. Telemaque for his prior conviction of an aggravated felony. P.Ex. E at 1; *See* 8 U.S.C. 1227(a)(2)(A)(iii).

In August 2007, Mr. Telemaque filed suit in the United States District Court for the Southern District of Florida to halt all immigration proceedings against him. P.Ex. C at 2. The District Court interpreted his suit as a petition for habeas corpus relief and a magistrate judge was assigned to his case. P.Ex. G at 1. The magistrate judge filed a recommendation that Mr. Telemaque's petition be dismissed for failing to meet the standard for mandamus relief. *Id.* The district court judge adopted the magistrate judge's recommendation and Mr. Telemaque's petition was dismissed on October 30, 2007. *Id.* at 2.

Mr. Telemaque now asserts several Constitutional violations. First, Mr. Telemaque states that actions taken by the magistrate judge and district court judge in the Southern District of Florida were barred by the Fifth Amendment and "the Separation of Powers Doctrine embraced by the Constitution." Compl 7–8. Mr. Telemaque believes this is so because magistrate judges are not appointed by the President and "only the President can appoint individuals to agencies that hold purely executive functions." *Id.* at 4–5. In an attempt to clarify his complaint, Mr. Telemaque, in response to Defendant's motion to dismiss, argues that Defendant violated an express contract with him because the Defendant acquired a property interest in Mr. Telemaque by imprisoning him without paying him just compensation in accordance with the Fifth Amendment. P. Resp. 2, 14. Plaintiff seeks damages in the amount of $50,000,000. Compl. 8.

### STANDARD OF REVIEW

The Supreme Court has held that the pleadings of pro se litigants are held to "less

---

1. The Court hereby **GRANTS** Plaintiff's Motion to proceed *in forma pauperis*. Further, the Court hereby **DENIES** Plaintiff's Motion for Court to Appoint Plaintiff Attorney in light of this opinion.

stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Even if the complaint is not clearly articulated, a court must examine the pleadings to determine if there is a cause of action. *Sumner v. United States,* 71 Fed.Cl. 627, 628 (2006) (citing *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). However, "there is no duty on the part of the trial court to create a claim which appellant has not spelled out in his pleading." *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (internal quotation and punctuation marks omitted).

A motion to dismiss under RCFC 12(b)(1) will be granted if the plaintiff fails to assert appropriate subject-matter jurisdiction, as "subject matter jurisdiction is strictly construed." *Leonardo v. United States,* 55 Fed. Cl. 344, 346 (2003). A plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army and Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988). A motion to dismiss under RCFC 12(b)(6) will be granted when the facts asserted by the claimant do not entitle him to relief. *See Perez v. United States,* 156 F.3d 1366, 1370 (Fed.Cir.1998).

## JURISDICTION AND DISCUSSION

The Tucker Act provides that this Court may hear claims against the United States "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). While this Court has jurisdiction over claims described by the Tucker Act, such claims must be paired with a specific grant of a right of action. *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Plaintiffs must identify a money-mandating federal statute that requires compensation to be paid by the Federal Government. *Id.* This Court has held that, by itself, a violation of due process does not obligate the federal government to pay compensation without an accompanying mon-

ey-mandating statute. *See Montalvo v. United States,* 231 Ct.Cl. 980, 983, 1982 WL 25825 (1982); *Bounds v. United States,* 1 Cl.Ct. 215, 216 (1983).

■ Here, Mr. Telemaque alleges that the actions taken by the magistrate judge and district court judge in the Southern District of Florida were barred by the Fifth Amendment and "the Separation of Powers Doctrine embraced by the Constitution and he believes this is so because magistrate judges are not appointed by the President" and "only the President can appoint individuals to agencies that hold purely executive functions." Compl. 7–8. To the extent Mr. Telemaque is arguing some sort of due process violations against the magistrate and district court judge, Mr. Telemaque has failed to allege any valid claim in this Court. Specifically, neither the due process guarantees in the Fifth Amendment to the Constitution or the President's appointment powers or separation of powers doctrine contains a provision obligating the government to pay money damages. Further, magistrate judges are validly appointed by the active Article III judges pursuant to the Federal Magistrates Act of 1968. As Mr. Telemaque has failed to state a claim upon which this Court may grant relief, these claims must be dismissed.

■ Further, in response to Defendant's motion to dismiss, Mr. Telemaque argues that Defendant violated an express contract with him because the Defendant acquired a property interest in Mr. Telemaque by imprisoning him without paying him just compensation in accordance with the Fifth Amendment. P. Resp. at 2. It is clear, that a plaintiff seeking to recover monetary damages based on a Fifth Amendment violation must show that his or her private property was taken for public use without just compensation. U.S. CONST. amend. V. Further, under the Tucker Act, in order to prove the existence of a binding contract with the United States, the party alleging the contract must show "a mutual intent to contract including an offer, an acceptance, and consideration." *Trauma Serv. Group v. United States,* 104 F.3d 1321, 1325 (Fed.Cir.1997). The party must also show that a United States representative entered or ratified the

agreement and had the actual authority to do so. *Id.; see also, City of El Centro v. United States,* 922 F.2d 816, 820 (Fed.Cir.1990); *Thermalon Indus. v. United States,* 34 Fed. Cl. 411, 414 (1995). Here, Mr. Telemaque argues that the U.S. Department of Justice violated the Fifth Amendment when they "contracted Michael Phillip Telemaque, Secured Party/Creditor property to CCA/Eden Detention Center and Big Spring Detention Center." P. Response 12. It appears to the Court that Mr. Telemaque is arguing that he himself is the property that was taken without just compensation. However, Mr. Telemaque does not qualify as private property as defined by the Constitution. *See* U.S. CONST. amend. XIII. Additionally, although Mr. Telemaque asserts that the Defendant expressly contracted with him, Mr. Telemaque's claim does not qualify as a contract claim within the meaning of the Tucker Act because there has been no showing of any contract whatsoever. Therefore, the Court must also dismiss these claims.

## CONCLUSION

As Plaintiff has failed to bring a claim for which relief may be granted, this case must be dismissed. The Court hereby **GRANTS** Defendant's Motion to Dismiss and directs the Clerk to **DISMISS** Plaintiff's Complaint without prejudice.

It is so **ORDERED.**