Daniel L. DUMONDE, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 07–601C.

United States Court of Federal Claims.

July 8, 2009.

Daniel L. Dumonde, Montgomery, Alabama, Pro se.

Lauren S. Moore, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, with whom were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director, for Defendant.

## OPINION and ORDER

SMITH, Senior Judge.

Now before the Court is Defendant's Motion to Dismiss pursuant to RCFC 12(b)(1) and 12(b)(6), arguing this Court lacks subject-matter jurisdiction to hear Plaintiff's claims and that Plaintiff has failed to state a claim for which relief may be granted. Plaintiff's Complaint contains both tort and Constitutional claims, alleging Defendant conspired with state authorities to kidnap and subject Plaintiff to an illegal arrest and federal imprisonment. After careful consideration and for the reasons set forth in this opinion, the Court hereby **GRANTS** Defendant's Motion to Dismiss.[1]

## FACTS

Plaintiff's Complaint ("Compl.") stems from a conviction by the United States District Court for the Northern District of Alabama for placing a counterfeit security into circulation, a violation of 18 U.S.C. § § 513(a). Compl. at 23. Plaintiff claims Alabama state authorities kidnapped him and that Defendant conspired with state authorities to "pressure, trick, and intimidate Plaintiff to Plead Guilty [*sic* ]" and illegally imprison Plaintiff. *Id.* at 2. Plaintiff alleges he has suffered physical injury and emotional distress as a result of his imprisonment. *Id.* at 17. Further, he alleges Defendant denied him due process and violated his rights under the Fourth, Fifth, and Fourteenth Amendments of the Constitution. *Id.* Plaintiff seeks immediate injunctive relief of a discharge of his prison sentence. *Id.* He also seeks damages in the amount of approximately $13,000,000. *Id.*

## STANDARD OF REVIEW

The Supreme Court has held that the pleadings of *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Even if the complaint is not clearly articulated, a court must examine the

---

**1.** All outstanding motions by Plaintiff, including the Emergency Motion for Preliminary Injunction, Motion for Summary Judgment, Motion to Expedite Summary Judgment, and Motion to Show Status, are hereby **DENIED** in light of this opinion.

pleadings to determine if there is a cause of action. *Sumner v. United States,* 71 Fed.Cl. 627, 628 (2006) (citing *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). However, "there is no duty on the part of the trial court to create a claim which appellant has not spelled out in his pleading." *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (internal quotation and punctuation marks omitted).

■ A motion to dismiss under RCFC 12(b)(1) will be granted if the plaintiff fails to assert appropriate subject-matter jurisdiction, as "subject matter jurisdiction is strictly construed." *Leonardo v. United States,* 55 Fed.Cl. 344, 346 (2003). A plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988). A motion to dismiss under RCFC 12(b)(6) will be granted when the facts asserted by the claimant do not entitle him to relief, even when those facts are liberally construed. *Perez v. United States,* 156 F.3d 1366, 1370 (Fed.Cir.1998).

### DISCUSSION

■ The Tucker Act provides that this Court may hear claims against the United States "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). While this Court has jurisdiction over claims described by the Tucker Act, such claims must be paired with a specific grant of a right of action. *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Plaintiff must identify a money-mandating federal statute that requires compensation to be paid by the Federal Government. *Id.* By itself, a violation of due process does not obligate the Federal Government to pay compensation without an accompanying money-mandating statute. *See Montalvo v. United States,* 231 Ct.Cl. 980, 983, 1982 WL 25825 (1983); *see also Bounds v. United States,* 1 Cl.Ct. 215, 216 (1983).

### I. Plaintiff's Tort Claims Must Fail

■ Plaintiff argues that this Court may hear his claims under 28 U.S.C. § 1491(a)(1). However, when liberally construed by the *Haines* standard, Plaintiff's claims of false arrest, malicious prosecution, physical injury, and emotional distress are tort claims. *See Haines v. Kerner,* 404 U.S. at 520, 92 S.Ct. 594. As explicitly stated in the Tucker Act, tort claims are excepted from the Court's jurisdictional mandate. Therefore, this Court must dismiss these claims pursuant to RCFC 12(b)(1).

### II. Plaintiff's Constitutional Claim Also Must Fail

■ Historically, the Constitution has been interpreted as a social contract between the Government and people of the United States. *Marbury v. Madison,* 1 Cranch 137, 5 U.S. 137, 176, 2 L.Ed. 60 (1803). However, the Supreme Court has held that a plaintiff seeking to recover a monetary claim founded upon the Constitution must pair his claim with a money-mandating provision of law, contract, regulation, or the Constitution. *United States v. Testan,* 424 U.S. at 400, 96 S.Ct. 948; *see also United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). In order to recover based on a contract, a plaintiff must first prove the existence of a binding contract with the United States. The party alleging the contract must then show "a mutual intent to contract including an offer, an acceptance, and consideration." *Trauma Serv. Group v. United States,* 104 F.3d 1321, 1325 (Fed.Cir.1997). Further, a United States representative must have entered or ratified the agreement and had the actual authority to do so. *Id.; see also City of El Centro v. United States,* 922 F.2d 816, 820 (Fed.Cir.1990); *Thermalon Indus. v. United States,* 34 Fed.Cl. 411, 414 (1995).

■ Though Plaintiff argues in his "Objection to Defendant's Motion to Dismiss" ("Pl. Obj.") that his Constitutional claim is actually a contract claim, his claim is not a contract claim within the meaning of the Tucker Act. Plaintiff argues that his due

process claim alleging Defendant's violation of Plaintiff's Constitutional rights establishes a right of action based on a contract between the Government and himself as a citizen of the United States. Plaintiff states that the "Constitution contains Guarantees of Liberty to the Citizenry, including the Plaintiff. Guarantees are Promises, Promises are Contract [sic]." Pl. Obj. at 3. However, Plaintiff has failed to show that there was an offer, acceptance, and consideration made between Plaintiff and Defendant. As there is no implied or express contract between the Plaintiff and Defendant within the meaning of the Tucker Act, the Court must construe Plaintiff's claim as a Constitutional claim.

 Plaintiff's Constitutional claim must fail because he has not identified a money-mandating provision that would support his request for relief. As held by this Court in *Montalvo*, an alleged or actual infringement of due process does not establish an automatic obligation on the Federal Government to pay compensation. *See Montalvo*, 231 Ct.Cl. at 983, 1982 WL 25825. Even when viewed in the most favorable light to Plaintiff, the Complaint does not contain a substantive provision or law, regulation, or the Constitution that requires the Government to pay him monetary compensation for alleged violations of due process. Therefore, Plaintiff has failed to state a claim for which this Court may grant relief and his Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's tort claims are outside this Court's jurisdictional mandate and Plaintiff is not entitled to relief for his Constitutional claim. Therefore, the Court hereby **GRANTS** Defendant's Motion to Dismiss and directs the Clerk to **DISMISS** Plaintiff's Complaint.

**It is so ORDERED.**